UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

        Plaintiff,

  - vs -

DAVID A. WHITEHILL and DEPENDABLE TOWING &
RECOVER, INC.,

        Defendants.

**ANSWER AND AFFIRMATIVE DEFENSES TO THIRD-PARTY COMPLAINT AND CROSS-CLAIMS**

Civil Action No. 1:14-CV-188S

---

DAVID A. WHITEHILL and DEPENDABLE TOWING &
RECOVERY, INC.,

        Defendants/Third-Party Plaintiffs,

  - vs -

ALLEGANY LANDSCAPE CONTRACTORS, INC.,
AMHERST PAVING, INC.,
BIRCH GROVE LANDSCAPING & NURSERY, INC.,
CHAUTAUQUA COUNTY HIGHWAY DEPARTMENT,
COLD SPRING CONSTRUCTION COMPANY,
CONCEPT CONSTRUCTION CORP.,
C.P. WARD, INC.,
JAMESTOWN BOARD OF PUBLIC UTILITIES,
WATER DEPARTMENT FOR THE CITY OF JAMESTOWN,
JANIK PAVING & CONSTRUCTION, INC.,
JOHN W. DANFORTH COMPANY,
KELEMAN-BAUER CONSTRUCTION, INC.,
KINGSVIEW ENTERPRISES, INC.,
LAKE SHORE PAVING, INC.,
LAKESTONE DEVELOPMENT, INC.,
NEW YORK STATE DEPARTMENT OF TRANSPORTATION,
OAKGROVE CONSTRUCTION, INC.,
OMER CONSTRUCTION CO., INC.,
PACOS CONSTRUCTION COMPANY, INC.,
PAVILLION DRAINAGE SUPPLY CO., INC.,
SEALAND CONTRACTORS CORP.,
THE L.C. WHITFORD CO., INC.

**TOM GREENAUER DEVELOPMENT, INC.,
TOWN OF ELLICOTT HIGHWAY DEPARTMENT, and
VILLAGE OF FALCONER HIGHWAY DEPARTMENT,**

      **Third-Party Defendants.**

## ANSWER

Third-Party Defendant, OAKGROVE CONSTRUCTION, INC. ("Oakgrove"), by and through its attorneys, Jaeckle Fleischmann & Mugel, LLP, for its Answer to the Third-Party Complaint of Third-Party Plaintiffs, DAVID A. WHITEHILL and DEPENDABLE TOWING & RECOVERY, INC. (collectively "Third-Party Plaintiffs"), states and alleges as follows:

## THE PARTIES TO THE UNDERLYING ACTION

1. With respect to the allegations contained in Paragraph "1" of the Third-Party Complaint, Oakgrove lacks knowledge or information sufficient to form a belief as to the truth of the allegations, except that Oakgrove admits that the United States of America is named on the Summons as Plaintiff.

2. With respect to the allegations contained in Paragraph "2" of the Third-Party Complaint, Oakgrove lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

3. With respect to the allegations contained in Paragraph "3" of the Third-Party Complaint, Oakgrove lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

4. Oakgrove admits the allegations contained in Paragraph "4" of the Third-Party Complaint as such allegations relate to Oakgrove and lacks knowledge or information sufficient

to form a belief as to the truth of the allegations contained in Paragraph "4" of the Third-Party Complaint as they relate to parties other than Oakgrove.

## THE THIRD-PARTY DEFENDANTS

5. With respect to the allegations contained in Paragraphs "5" through "19" of the Third-Party Complaint, Oakgrove lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

6. Admits the allegations contained in Paragraph "20" of the Third-Party Complaint.

7. With respect to the allegations contained in Paragraphs "21" through "28" of the Third-Party Complaint, Oakgrove lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

8. The allegations contained in Paragraph "29" of the Third-Party Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Oakgrove denies the allegations contained in Paragraph "29" of the Third-Party Complaint as they relate to Oakgrove and lacks information sufficient to form a belief as to the truth of the allegations as they relate to parties other than Oakgrove.

## THE NATURE OF THE UNDERLYING ACTION

9. With respect to the allegations contained in Paragraphs "30" through "34" of the Third-Party Complaint, Oakgrove lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

10. With respect to the allegations contained in Paragraphs "35" and "36" of the Third-Party Complaint, Oakgrove denies such allegations as they relate to Oakgrove and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to parties other than Oakgrove.

11. With respect to the allegations contained in Paragraph "37" of the Third-Party Complaint, Oakgrove lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

12. With respect to the allegations contained in Paragraph "38" of the Third-Party Complaint, Oakgrove denies such allegations as they relate to Oakgrove and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to parties other than Oakgrove.

13. The allegations contained in Paragraph "39" of the Third-Party Complaint characterizes the nature of the claims asserted by the Third-Party Plaintiff and therefore do not require a response. To the extent a response is required, Oakgrove denies the allegations contained in Paragraph "39" of the Third-Party Complaint as they relate to Oakgrove and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to parties other than Oakgrove.

## JURISDICTION AND VENUE

14. The allegations contained in Paragraphs "40" and "41" of the Third-Party Complaint constitute legal conclusions to which no response is required. To the extent an answer is required, Oakgrove denies the allegations contained in Paragraphs "40" and "41" of the Third-Party Complaint.

## FACTS

15. With respect to the allegations contained in Paragraphs "42" through "56" of the Third-Party Complaint, Oakgrove lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

16. Oakgrove denies the allegations contained in Paragraph "57" of the Third-Party Complaint.

17. With respect to the allegations contained in Paragraphs "58" through "65" of the Third-Party Complaint, Oakgrove lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

## COUNT 1

## CLAIM FOR CONTRIBUTION AND/OR INDEMNIFICATION

18. With respect to the allegations contained in Paragraph "66" of the Third-Party Complaint, Oakgrove repeats and realleges each response in Paragraphs "1" through "17" above.

19. With respect to the allegations contained in Paragraphs "67" and "68" of the Third-Party Complaint, Oakgrove denies such allegations as they relate to Oakgrove and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as they related to parties other than Oakgrove.

20. Oakgrove denies each and every allegation contained in the Third-Party Complaint not hereinbefore specifically admitted, controverted or denied.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

21. Third-Party Plaintiffs' claims fail to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

22. Third-Party Plaintiffs lack standing to assert the claims alleged in the Third-Party Complaint.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

23. Third-Party Plaintiffs' claims against the Third-Party Defendants are not ripe for adjudication.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

24. Third-Party Plaintiffs' claims are barred by the applicable Statute of Limitations.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

25. Third-Party Plaintiffs' claims are barred by waiver.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

26. Third-Party Plaintiffs are barred from recovery based on the doctrines of laches and estoppel.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

27. Third-Party Plaintiffs should be barred from recovery because the incidents referenced in the Third-Party Complaint were entirely or partly the result of culpable conduct, acts or omissions of Third-Party Plaintiffs, or in the event that Third-Party Plaintiffs are entitled to recover, the amount of damages otherwise recoverable should be reduced in the proportion which Third-Party Plaintiffs' culpable conduct, act or omissions bear to the culpable conduct which caused the damages.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

28. Third-Party Plaintiffs may not recover from Oakgrove more than Oakgrove's fair, equitable and proportionate share of the costs, damages and other expenses sought, or otherwise recover more than the amount of such relief for which Third-Party Plaintiff may be liable.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

29. Third-Party Plaintiffs voluntarily assumed the risk that the filling of the wetlands on their property was a violation of CWA Section 301, 33 U.S.C. § 1311(a), and as such, the damages resulting from said filling of wetlands were proximately contributed to and caused by Third-Party Plaintiffs' own voluntary assumption or risk.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

30. Third-Party Plaintiffs failed to mitigate or otherwise act to lessen or reduce the injuries and damages, if any, resulting from the incidents referenced in the Third-Party Complaint.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

31. Oakgrove at all times acted reasonably and in good faith based on all relevant facts and circumstances known by Oakgrove at the time Oakgrove acted.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

32. To the extent that Third-Party Plaintiffs' requested relief is based upon oral contract or agreement, Third Party Plaintiffs' claims are barred by the Statute of Frauds.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

33. Third-Party Plaintiffs have no right to recover attorneys' fees in this action.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

34. Third-Party Plaintiffs' claims are barred for failure to join necessary and indispensable parties pursuant to Rule 19 of the Federal Rules of Civil Procedure.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

35. Oakgrove hereby reserves the right to assert additional defenses that may be pertinent to the Third-Party Plaintiffs' claims when the precise nature of said claims is ascertained through discovery and based upon the facts developed as this matter progresses.

**AS AND FOR THIRD-PARTY DEFENDANT OAKGROVE CONSTRUCTION, INC.'S CROSS CLAIMS AGAINST CO-THIRD-PARTY DEFENDANTS**

36. In the event that Third-Party Plaintiffs recover a judgment against Oakgrove, the incidents complained of in the Third-Party Complaint and the alleged damages were caused by the culpable or other tortious conduct of other parties, persons or entities over whom and over which Oakgrove exercised no supervision or control, including the following, Co-Third-Party Defendants: Allegany Landscape Contractors, Inc.; Amherst Paving, Inc.; Birch Grove Landscaping & Nursery, Inc.; Chautauqua County Highway Department; C.P. Ward, Inc.; Jamestown Board of Public Utilities; Water Department for the City of Jamestown; Janik Paving & Construction, Inc.; John W. Danforth Company; Keleman-Bauer Construction, Inc.; Kingsview Enterprises, Inc.; Lake Shore Paving, Inc.; Lakestone Development, Inc.; New York State Department of Transportation; Omer Construction Co., Inc.; Pacos Construction Company; Inc.; Pavillion Drainage Supply Co., Inc.; Sealand Contractors Corp.; The L.C. Whitford Co. Inc.; Tom Greenauer Development, Inc.; Town of Ellicott Highway Department; and Village of Falconer Highway Department.

37. By reason of the foregoing, Oakgrove should be entitled to contribution and/or indemnification, and to have judgment over and against the following Co-Third-Party Defendants: Allegany Landscape Contractors, Inc.; Amherst Paving, Inc.; Birch Grove Landscaping & Nursery, Inc.; Chautauqua County Highway Department; C.P. Ward, Inc.;

- 9 -

Jamestown Board of Public Utilities; Water Department for the City of Jamestown; Janik Paving & Construction, Inc.; John W. Danforth Company; Keleman-Bauer Construction, Inc.; Kingsview Enterprises, Inc.; Lake Shore Paving, Inc.; Lakestone Development, Inc.; New York State Department of Transportation; Omer Construction Co., Inc.; Pacos Construction Company, Inc.; Pavilion Drainage Supply Co., Inc.; Sealand Contractors Corp.; The L.C. Whitford Co., Inc.; Tom Greenauer Development, Inc.; Town of Ellicott Highway Department; and Village of Falconer Highway Department, for all or any part of any verdict or judgment that the Third-Party Plaintiff may recover against this answering Defendant.

**WHEREFORE**, having fully answered the allegations contained in the Third-Party Complaint, Oakgrove demands judgment, as follows:

a. That the Third-Party Complaint be dismissed with prejudice;

b. That if Third-Party Plaintiffs recover a judgment against Oakgrove, the amount of such damages recovered shall be diminished in the proportion to which the culpable conduct attributable to Third-Party Plaintiffs bears to the culpable conduct which caused Third-Party Plaintiffs' damages;

c. That if Third-Party Plaintiffs recover a judgment against Oakgrove, Oakgrove shall receive contribution and/or indemnification for that judgment from the Co-Third-Party Defendants identified above;

d. That the Court grant such order, further and different relief which the Court deems just, proper and equitable, together with the costs, disbursements and attorneys' fees in the defense of the third-party action.

**OAKGROVE DEMANDS TRIAL BY JURY ON ALL OF THIRD-PARTY PLAINTIFFS' ALLEGATIONS**

DATED: Buffalo, New York
August 25, 2014

**JAECKLE FLEISCHMANN & MUGEL, LLP**

By: s/ Charles D. Grieco
Charles D. Grieco, Esq.
*Attorneys for Third-Party Defendant*
*Oakgrove Construction, Inc.*
Avant Building - Suite 900
200 Delaware Avenue
Buffalo, New York  14202-2107
Telephone:  (716) 856-0600
Email:  cgrieco@jaeckle.com

TO:    Deborah J. Chadsey, Esq.
KAVINOKY COOK, LLP
*Attorneys for Defendants/Third-Party Plaintiffs,*
*Dependable Towing & Recovery, Inc. and*
*David A. Whitehill*
726 Exchange Street - Suite 800
Buffalo, New York  14210
Telephone:  (716) 845-6000

Robert G. Dreher, Esq.
Acting Assistant Attorney General
ENVIRONMENT AND NATURAL RESOURCES DIVISION
*Attorneys for Plaintiff*
*The United States of America*
United States Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, DC  20044-7611
Telephone:  (202) 514-4206

Robert D. Leary, Esq.
KENNEY SHELTON LIPTAK NOWAK LLP
*Attorneys for Third-Party Defendant,*
*John W. Danforth Company*
The Calumet Building
233 Franklin Street
Buffalo, New York  14202
Telephone:  (716) 853-3801

Christopher E. Wilkins, Esq.
FELDMAN KIEFFER, LLP
*Attorneys for Third-Party Defendant,*
*Sealand Contractors Corp.*
The Dun Building - Suite 400
110 Pearl Street
Buffalo, New York  14202
Telephone:  (716) 852-5875

1103980