**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

DAVID A. WHITEHILL and DEPENDABLE         14-CV-188-RJA-MJR
TOWING & RECOVERY, INC.         **DECISION AND ORDER**

        Defendants/Third Party Plaintiffs,

   v.

ALLEGANY LANDSCAPE CONTRACTORS, INC.,
AMHERST PAVING, INC.,
BIRCH GROVE LANDSCAPING & NURSERY, INC.,
CHAUTAUQUA COUNTY HIGHWAY DEPARTMENT,
COLD SPRING CONSTRUCTION COMPANY,
CONCEPT CONSTRUCTION CORP.,
C.P. WARD, INC.,
JAMESTOWN BOARD OF PUBLIC UTILITIES,
WATER DEPARTMENT FOR THE CITY OF JAMESTOWN,
JANIK PAVING & CONSTRUCTION, INC.,
JOHN W. DANFORTH COMPANY,
KELEMAN-BAUER CONSTRUCTION, INC.,
KINGSVIEW ENTERPRISES, INC.,
LAKE SHORE PAVING, INC.,
LAKESTONE DEVELOPMENT, INC.,
NEW YORK STATE DEPARTMENT OF TRANSPORTATION,
OAKGROVE CONSTRUCTION CO., INC.,
OMER CONSTRUCTION CO., INC.,
PACOS CONSTRUCTION COMPANY, INC.,
PAVILLION DRAINAGE SUPPLY CO., INC.,
SEALAND CONTRACTORS CORP.,
THE L.C. WHITFORD CO., INC.,
TOM GREENAUER DEVELOPMENT, INC.,
TOWN OF ELLICOTT HIGHWAY DEPARTMENT, and
VILLAGE OF FALCONER HIGHWAY DEPARTMENT,

        Third Party Defendants.
_____

This case is before the Court on the Defendants' objections to Magistrate Judge H. Kenneth Schroeder, Jr.'s Report and Recommendation, which recommends (1) dismissing the third-party complaint as to most of the Third Party Defendants, and (2) denying the Defendants' motion for leave to amend the third-party complaint. For the reasons stated below, the Court adopts the Report and Recommendation.

**BACKGROUND**

This is a Clean Water Act (CWA) enforcement action brought by the United States. The United States' complaint alleges that the Defendants, and/or others acting at the Defendants' direction, or with their consent and knowledge, unlawfully discharged "fill material"—such as rock, soil, and construction debris—into wetlands that are owned by the Defendants and which fall within the definition of "waters of the United States," 33 U.S.C. § 1362(7), as that term is defined by regulation.

The United States' complaint contains two causes of action. First, the United States alleges that the Defendants, and/or others acting at the Defendants' direction, or with their knowledge and consent, engaged in "unauthorized discharges" by "filling . . . approximately 16.5 acres of Impacted Wetlands without a permit." Complaint ¶¶ 74-75. *See* 33 U.S.C. § 1344(a) ("The Secretary may issue permits . . . for the discharge of dredged or fill material into the navigable waters at specified disposal sites.") The United States' second cause of action concerns the Defendants' alleged violation of a March 24, 2010 Environmental Protection Agency (EPA) Administrative Order (the EPA Order). Among other things, the EPA Order directed the Defendants to "cause no unpermitted discharges into 'waters of the United States,'" and to "promptly come into compliance with . . . 33 U.S.C. § 1344, by removing fill material and restoring Impacted

Wetlands to their pre-existing condition." Complaint ¶ 86. The complaint alleges that the Defendants have failed to comply with the EPA Order.

Both causes of action seek civil penalties pursuant to 33 U.S.C. § 1319(d). In addition, the United States seeks an injunction requiring the Defendants to comply with the CWA, as well as an order requiring the Defendants to "undertake measures, at [their] own expense . . . to restore waters of the United States at the Site [at issue] and to conduct on-site and off-site mitigation for unauthorized impacts to waters of the United States." Complaint, Prayer for Relief ¶ 2.

After the United States filed its complaint, the Defendants filed an answer and third-party complaint. The third-party complaint identifies twenty-five Third Party Defendants and alleges that the Defendants "permitted" each Third Party Defendant to dump fill on the property at issue in the United States' complaint. The Defendants seek contribution and indemnification from each of the Third Party Defendants.

The Third Party Defendants[1] then filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).[2] Judge Schroeder,[3] to whom the Court referred this case for all pre-trial proceedings, filed a Report and Recommendation that recommends (1) dismissing the third-party complaint with

---

[1] The motion to dismiss (Docket No. 157) was filed on behalf of twenty-one of the twenty-five Third Party Defendants. For the remainder of this Decision and Order, the term "Third Party Defendants" refers only to the twenty-one Third Party Defendants who moved to dismiss the third-party complaint.

[2] The Third Party Defendants' motion was, in fact, a motion to dismiss pursuant to Rule 12(b)(6). However, because the Third Party Defendants filed their motion to dismiss after filing their answers, the motion is considered a motion for judgment on the pleadings. *See* Fed. R. Civ. P. 12(c). As Judge Schroeder noted, the standard of review for a motion to dismiss is the same as the standard of review for a motion for judgment on the pleadings. *See* Docket No. 166 at 3.

[3] This case has since been referred to Magistrate Judge Michael J. Roemer.

prejudice, and (2) denying the Defendants' motion for leave to amend the third-party complaint.[4]  The Defendants object to these recommendations.

## DISCUSSION

The Court reviews Judge Schroeder's recommendations *de novo*.[5]  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

**1. Contribution**

The plain language of New York's contribution statute, C.P.L.R. § 1401, does not allow the Defendants to seek contribution for the relief sought by the United States in this case.  Section 1401 provides, in relevant part, that "two or more persons who are subject to liability for damages for the same . . . injury to property . . . may claim contribution among them."  N.Y. C.P.L.R. § 1401.  To state a claim for contribution, the Defendants must therefore allege that the Third Party Defendants are "liabl[e] for damages for the same . . . injury to property" that is at issue in the United States' complaint.  The problem with this theory, however, is that the United States does not allege that the Defendants are liable for "injury to property."  Rather, the United States alleges that the Defendants are liable for violations of the Clean Water Act.

The United States' first cause of action claims that the Defendants permitted "unauthorized discharges" of fill (Complaint ¶ 75), and that this conduct violates 33

---

[4]  "The treatment of a motion to amend as dispositive or non-dispositive is not completely settled, but courts in this district have held that where a magistrate judge's decision on a motion to amend effectively dismisses or precludes a claim, the motion is dispositive, while the granting of leave to amend is treated as non-dispositive."  *ExamWorks, Inc. v. Soltys*, 17-CV-0080-LJV-MJR, 2017 WL 4712206, at *1 n.1 (W.D.N.Y. Aug. 10, 2017).  Thus, the Court treats Judge Schroeder's decision to deny leave to amend as a recommendation subject to *de novo* review.

[5]  The parties dispute whether the Court should review Judge Schroeder's recommendations *de novo* or for clear error.  The Court need not resolve this dispute because, even under a *de novo* standard, the Court concludes that Judge Schroeder's recommendations are correct.

4

U.S.C. § 1311(a)—"[o]ne of the [CWA's] principal provisions." *Rapanos v. United States*, 547 U.S. 715, 723 (2006) (plurality). Section 1311(a) makes it "unlawful" to "discharge . . . any pollutant" "[e]xcept as in compliance with," as relevant in this case, 33 U.S.C. § 1344. Section 1344, in turn, "authorizes [the Army Corps of Engineers] to regulate discharge of fill material into 'navigable waters,'" *Solid Waste Agency of Northern Cook Cnty. v. U.S. Army Corps of Engineers*, 531 U.S. 159, 167 (2001), by authorizing the Corps to "issue permits." 33 U.S.C. § 1344(a). Thus, the United States' first cause of action alleges that the Defendants failed to seek a permit authorizing the discharge of fill into waters of the United States. The crux of this cause of action is not the discharge of fill; it is, instead, the discharge of fill *without a permit*.

This is a quintessential regulatory enforcement action. Although the United States surely seeks, at a general level, to prevent environmental injury to property, what the United States seeks to rectify *through this lawsuit* is an alleged failure to comply with the CWA's permitting requirements. The United States' injury, in other words, is not an "injury to [the] property" on which fill was allegedly discharged. Indeed, it is not an "injury to property" at all.

The United States' second cause of action no more alleges an "injury to property" than its first. The second cause of action alleges that the Defendants have "failed to comply" with the EPA Order, which, among other things, ordered the Defendants to "cause no discharges" of fill material into waters of the United States, "except as authorized by a valid permit issued by the Corps." Docket No. 1-5 at 4 ¶ 1. Thus, the United States' second cause of action alleges that the Defendants violated an EPA order which prohibited them from engaging in the same conduct at issue in the first

cause of action. Again, this is not an "injury to property." It is, instead, an injury to the EPA's authority. In other words, the second cause of action does not seek to rectify "injury to property"—rather, it seeks to ensure that a federal agency's orders are obeyed.

The remedies sought by the United States underscore that § 1401 does not permit contribution from the Third Party Defendants in this case. Section 1401 allows contribution when "two or more persons . . . are subject to liability for *damages*." (Emphasis added.) If the Defendants are ultimately liable to the United States, however, they are not liable for "damages"; they are liable for what the relevant statute terms "a civil penalty." 33 U.S.C. § 1319(d). *See* Complaint ¶¶ 79, 89. Damages and penalties are, of course, distinct remedies. *See Leist v. Simplot*, 638 F.2d 283, 313 n.35 (2d Cir. 1980) (Friendly, J.) ("Penalties and damages . . . are quite different in nature. The former are punitive and some limit on the regulator's discretion to impose them is necessary. The latter are remedial and naturally limited to the loss caused by the defendant.")[6] *See also Tull v. United States*, 481 U.S. 412, 422 (1987) ("The action authorized by § 1319(d) [has] the character" of a "[r]emed[y] intended to punish culpable individuals, as opposed to those intended simply to extract compensation or restore the status quo.") Thus, § 1401's plain text does not allow contribution for penalties.

In addition to civil penalties, the United States' complaint seeks an order that the Defendants, at their own expense, restore the affected wetlands and "conduct on-site

---

[6] Indeed, the factors a court must consider when assessing a civil penalty under the CWA demonstrate that the United States does not seek "damages" in this case. In imposing a civil penalty under § 1319(d), a court must consider "the seriousness of the violation or violations, the economic benefit (if any) resulting from the violation, any history of such violations, any good-faith efforts to comply with the applicable requirements, the economic impact of the penalty on the violator, and such other matters as justice may require." 33 U.S.C. § 1319(d). These are all classic mitigating and aggravating factors that a decision-maker typically considers when assessing a punitive remedy.

6

and off-site mitigation for unauthorized impacts to waters of the United States, as appropriate." Complaint, Prayer for Relief ¶ 2. Although clean up costs, restoration costs, and mitigation costs may intuitively seem to be the equivalent of tort damages, these costs are not recoverable under § 1401.

The United States brings this case pursuant to 33 U.S.C. § 1319(b), which authorizes the United States to bring "a civil action for appropriate relief, including a permanent or temporary injunction." Section 1319(b) also provides district courts with "jurisdiction to restrain . . . violation[s] [of certain provisions of the CWA] and to require compliance." Thus, any clean-up, restoration, and mitigation costs that might be ordered in this case would be ordered as a form of injunctive relief. *See United States v. Bailey*, 571 F.3d 791, 804-05 (8th Cir. 2009) (observing that a CWA restoration order is a form of injunctive relief); *United States v. Cumberland Farms of CT, Inc.*, 826 F.2d 1151, 1164 (1st Cir. 1987) ("[T]he district court had authority [under 33 U.S.C. § 1319(b)] to issue . . . restorative orders so as to effectuate the stated goals of the Clean Water Act."); *United States v. Smith*, 149 F.3d 1172, at *4 (Table) (4th Cir. 1998) (analyzing a CWA restoration injunction, and noting that it is authorized by 33 U.S.C. § 1319(b)). It is, of course, black-letter law that equitable relief, "such as injunction or restitution," is not the same as "compensatory damages." *Mertens v. Hewitt Ass'c*, 508 U.S. 248, 263 (1993) (interpreting § 502(a)(3) of ERISA) (White, J., dissenting).

The Defendants have not identified, nor has the Court's research found, any cases interpreting § 1401 to permit contribution for equitable relief that requires a party to expend funds—either in the form of restitution, disgorgement, or costs incurred in complying with an injunction. To the contrary, the word "damages" in § 1401 is a legal

7

term of art. As such, it carries "the meaning commonly attributed thereto." *Moskowitz v. Marrow*, 251 N.Y. 380, 389 (1929). The term "damages" refers to "a judicial award in money, payable as compensation to one who has suffered a legally recognizable injury or harm." 1 Dan B. Dobbs, *Law of Remedies: Damages—Equity—Restitution*, § 3.1, at 277 (2d ed.1993). The United States, however, does not seek "compensation" in this case. It seeks an order requiring the Defendants to pay for expenses incurred in complying with an injunction. *See also id.* at 278 (observing that courts "may also order money payments in the exercise of 'equity' powers"). The term "damages" in § 1401 does not, then, encompass the costs that may be incurred in complying with a § 1319(b) restoration injunction.

Thus, § 1401 does not permit the Defendants to seek contribution for the relief the United States seeks in this case. The Court therefore adopts Judge Schroeder's recommendation to dismiss the third-party complaint's claim for contribution from the Third Party Defendants.

**2. Indemnification**

When a party seeks common law (as opposed to contractual) indemnification, "a party cannot obtain . . . indemnification unless it has been held to be vicariously liable without proof of any negligence or actual supervision on its own part." *McCarthy v. Turner Const., Inc.*, 953 N.E.2d 794, 801 (N.Y. 2011). *See also Trustees of Columbia Univ. v. Mitchell/Giurgola Ass'c*, 109 A.D.2d 449, 453 (1st Dept. 1985) ("Since the predicate of common law indemnity is vicarious liability without actual fault on the part of the proposed indemnitee, it follows that a party who has actually participated to some degree in the wrongdoing cannot receive the benefit of the doctrine."). Put differently,

"common-law indemnification is typically available in cases where a party is held liable solely by operation of law or vicarious liability." *Diaz v. Calabrese*, No. 13-CV-1531(ARR)(MG), 2014 WL 6883517, at *12 (E.D.N.Y. Dec. 4, 2014). This means that indemnification "is not available where the party seeking indemnification was 'partially at fault' or 'responsible in any degree' in situations where the parties violated the same duty to the plaintiff." *Amusement Industry, Inc. v. Stern*, 693 F. Supp. 2d 319, 326 (S.D.N.Y. 2010) (quoting *Monaghan v. SZS 33 Ass'c, L.P.*, 73 F.3d 1276, 1284-85 (2d Cir. 1996)).

As Judge Schroeder observed, even if the Third Party Defendants had an independent duty to "obtain or confirm the existence of a permit before discharging fill material" (a question the Court need not, and does not, decide), that duty "would not absolve [the Defendants], as the landowner, of [their] independent duty under the Clean Water Act to obtain or confirm the existence of a permit before allowing the third-party defendants to discharge fill material on [the Defendants'] property." Docket No. 166 at 8.[7] And it certainly would not discharge the Defendants of their duty to comply with the EPA Order, as the second cause of action alleges they failed to do. Moreover, the Defendants' admission that they "permitted" the Third Party Defendants to dump fill

---

[7] *See Puget Soundkeeper Alliance v. Cruise Terminals of Am., LLC*, 216 F. Supp. 3d 1198, 1223-24 (W.D. Wash. 2015) (holding that defendants—who claimed that they "did not directly cause any of the alleged unpermitted discharges"—could still be liable for violations of 33 U.S.C. § 1311, because "'the CWA imposes liability both on the party who actually performed the work and on the party with responsibility for or control over performance of the work'") (quoting *Assateague Coastkeeper v. Alan and Kristin Hudson Farm*, 727 F. Supp. 2d 433, 442 (D. Md. 2010)); *United States v. Lambert*, 915 F. Supp. 797, 802 (S.D. W. Va. 1996) ("The CWA imposes liability both on the party who actually performed the work and on the party with responsibility for or control over the performance of the work."); *United States v. Gulf Park Water Co., Inc.*, 972 F. Supp. 1056, 1063 (S.D. Miss. 1997) ("The ability to control the facility, coupled with knowledge of the violation, is also sufficient to impose liability under the CWA."). The Court cites these cases only for the proposition that the Defendants may be liable under the CWA despite the fact that the Third Party Defendants allegedly dumped fill. Because the question is not before the Court, the Court need not decide whether the Third Party Defendants could also be liable under the CWA for the conduct alleged in the third-party complaint.

means that the Defendants are at least allegedly "partially at fault," or allegedly "responsible in [some] degree." *Monaghan*, 73 F.3d at 1284-85.

Thus, the Defendants may not obtain indemnification for the relief the United States seeks in this case. The Court therefore adopts Judge Schroeder's recommendation to dismiss the third-party complaint's claim for indemnification from the Third Party Defendants.

### 3. Leave to file an amended complaint

Finally, the Defendants object to Judge Schroeder's recommendation to deny their motion for leave to amend the third-party complaint.

Federal Rule of Civil Procedure 15(a)(2) provides that, as applicable here, a party "may amend its pleading only with . . . the court's leave. The court should freely give leave when justice so requires." It is well settled that this is a "permissive standard," intended to promote the "strong preference for resolving disputes on the merits." *Williams v. Citigroup Inc.*, 659 F.3d 208, 212-13 (2d Cir. 2011) (quotation marks omitted). But this does not mean that "every request to amend must be granted." *Panther Ptrs. Inc. v. Ikanos Comm., Inc.*, 347 F. App'x 617, 620 (2d Cir. 2009). For instance, and as is relevant here, a court need not grant leave to amend where an amendment would be futile. *See, e.g.*, *Williams*, 659 F.3d at 214.

Any amendment to the third-party complaint would be futile. As discussed above, the Defendants' contribution claim is not being dismissed because of a pleading defect; rather, it is being dismissed because New York's contribution statute, C.P.L.R. § 1401, does not permit contribution for the type of relief the United States seeks in its complaint. No amendment could change that reality. And indemnification is unavailable

where, as here, the Defendants are at least allegedly "partially at fault," or allegedly "responsible in [some] degree." *Monaghan*, 73 F.3d at 1284-85. Again, no amendment could fix this.

The Court therefore adopts Judge Schroeder's recommendation to deny the Defendants' motion for leave to amend the third-party complaint.

## CONCLUSION

For the reasons stated above, the Court adopts Judge Schroeder's Report and Recommendation in full. The Third Party Defendants' motion for judgment on the pleadings is granted, and the third party complaint against the Third Party Defendants is dismissed with prejudice. As noted, that motion was brought by the following Third Party Defendants:

Allegany Landscape Contractors, Inc.,

Amherst Paving, Inc.,

Birch Grove Landscaping & Nursery, Inc.,

Chautauqua County Highway Department,

Cold Spring Construction,

Company, Concept Construction Inc.,

C.P. Ward, Inc.,

Jamestown Board of Public Utilities,

John W. Danforth Company,

Keleman-Bauer Construction, Inc.,

Kingsview Enterprises, Inc.,

Lakestone Development, Inc.,

11

        Lake Shore Paving Inc., L.C.

        Whitford Co., Inc.,

        Oakgrove Construction, Inc.,

        Pacos Construction Company Inc.,

        Pavilion Drainage Supply Co., Inc.,

        Sealand Contractors Corp.,

        Tom Greenauer Development, Inc.,

        Town of Ellicott Highway Department, and

        Village of Falconer Highway Department

This Decision and Order "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties." Fed. R. Civ. P. 54(b). Thus, the Clerk of Court shall not, at this time, enter judgment against the Third Party Defendants. Within two weeks of the date of this Decision and Order, the Defendants and the Third Party Defendants who moved to dismiss the third-party complaint shall notify the Court of whether (and, if so, why) it is appropriate to direct entry of final judgment for the Third Party Defendants who moved to dismiss the third-party complaint. *See* Fed. R. Civ. P. 54(b); *Novick v. AXA Network, LLC*, 642 F.3d 304, 310-11 (2d Cir. 2011) (summarizing standard for certification under Rule 54(b)).

This case is recommitted to Magistrate Judge Michael J. Roemer for further proceedings. Judge Roemer shall have authority to act on all matters identified in the original referral order. *See* Docket No. 178. However, to ensure that this case moves forward expeditiously, any further motions to dismiss shall be returnable before this Court.

**SO ORDERED.**

Dated: January 18, 2018                                   *s/Richard J. Arcara*
     Buffalo, New York                               HONORABLE RICHARD J. ARCARA
                                                              UNITED STATES DISTRICT JUDGE